## G. C. Adams v. Thomas Hughes.

1. ERROR—*What is Not Reversible.*—Errors in the admission of evidence which work no injury to the party complaining, where there is sufficient evidence otherwise to support the finding, are not grounds for reversal.

**Action for Damages,** caused by the obstruction of a water-course. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

LAWRENCE & LAWRENCE, attorneys for appellant.

KIMBROUGH & MEEKS, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee, the owner of a dominant estate, brought this suit against appellant, the owner of a servient estate, for damages caused by damming a ditch which forced the outlet for surface water, thereby causing the water to back up and spread over the lands of appellee. In its leading features, the case is like Adams v. Stadler, already decided by us at this term. The chief difference lies in the character of damage done.

For the purpose of establishing a right to the use of the ditch under the act of 1889, relating to drains constructed by mutual consent and license, appellee, over the objection of the appellant, was permitted to testify to an agreement made with appellant's father and grantor, now dead. Clearly, appellee was not a competent witness to testify to such an agreement, and it was error to allow it.

There was sufficient evidence otherwise, however, to support a finding that Ellis Adams, the deceased grantor, acquiesced in the construction of the ditch. Indeed, we think the evidence was sufficient to support a recovery upon either one of the two counts of the declaration.

We see no just ground to criticise the instructions.

The chief damage done appellee, and perhaps the only damage that could be allowed under the pleadings and proof, was in the injury to his tile drains and open ditches. While we regard the amount fixed by the jury, $181.50, as quite liberal, we are not disposed to reverse the judgment upon the ground of excessive damages. .

Judgment affirmed.